IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jericho Lee Jones,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 03-2389-PHX-SRB(CRP)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the Court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jericho Lee Jones. (Docket #1). Petitioner is being held at the Arizona Department of Corrections based on convictions in Maricopa County Superior Court for sexual abuse and attempted child molestation.

    Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Charles R. Pyle for a report and recommendation. The Magistrate Judge recommends the District Judge, after independent review of the record, enter an order dismissing the Petition.

. . . . . . . .

. . . . . . . .

. . . . . . . .

. . . . . . . .

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner plead guilty on January 30, 2001, to one count of attempted child molestation a dangerous crime against children in the second degree and one count of sexual abuse a dangerous crime against children in the first degree. (Trial Court Record[1], Change of Plea Minute Entry dated January 30, 2001). On May 18, 2001, the trial court sentenced Petitioner to an aggravated term of ten (10) years for attempted child molestation and to a lifetime term of probation for sexual abuse. (Trial Record, Sentencing Minute Entry dated May 18, 2001; Objection to Report and Recommendation[2], Exhibit 3).

Petitioner filed a timely Notice of Post-Conviction Relief with the trial court on June 4, 2001. (Trial Record, Notice of Post Conviction Relief). Petitioner's Petition for Post-Conviction Relief was filed March 25, 2002[3]. (Trial Record, Petition for Post Conviction Relief). The trial court dismissed the Petition on October 9, 2002. (Trial Record, Minute Entry dated October 9, 2002, filed October 18, 2002, the Court will use the filing date for calculations of time). The trial court dismissed some of the claims as specifically precluded and dismissed the remaining claims for failure to raise an issue of fact or law. (*Id.*). Petitioner then had thirty days within which to file a Petition for Review of the trial court's decision with the Arizona Court of Appeals. Ariz.R.Crim.P. 32.9(c).

Petitioner filed his Petition for Review on December 6, 2002. (Trial Record, Petition for Review). The Court of Appeals dismissed the Petition for Review as untimely. (Trial Record, Court of Appeals Order dated December 18, 2002). Petitioner argues that he filed

---

[1] This Court issued an order on August 29, 2005, requiring Respondents supply a complete record of the proceedings from Maricopa County Superior Court. (Docket 20). Respondents complied with the order. (Docket 21.) However, the record was not supplied in bound, numbered form and as such this Court will refer to the evidence in a descriptive manner so as to better illuminate what evidence is being referred to.

[2] Docket 16, hereinafter "Objection"

[3] Respondents in their Answer state that the Petition was filed on March 22, 2002. The date stamp on the Petition supplied in the Trial Court Record is March 25, 2002.

a motion for extension of time which was lost and never ruled on. (Opposition to Respondents [sic] Request to Dismiss Petitioners [sic] Petition for Writ of Habeas Corpus[4], p.3, Exhibit A).

Petitioner filed the pending Petition for Writ of Habeas Corpus on December 3, 2003. In it Petitioner raises 28 grounds. The Court in its January 20, 2004, order dismissed Grounds I through III, V through VIII, XIII, and XXVII of the Petition. (Docket 3). Pending before this Court are Grounds IV, VIIII[5], X through XII, XIIII through XXVI, and XXVIII. On August 23, 2004, the Magistrate Judge issued a Report and Recommendation in this case. (Docket 15). Petitioner filed objections to the Report and Recommendation on September 13, 2004. (Docket 16). The District Judge sustained the objection and referred the Petition for Writ of Habeas Corpus back to the Magistrate Judge for further consideration and additional report and recommendation. (Docket 19).

**DISCUSSION**

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Court's standard of review is described as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[4]Docket 12, hereinafter "Opposition."

[5]The Court identifies the Grounds as they appear in the Petition, thus Ground VIIII as opposed to IX.

*Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 created a one year statute of limitations for prisoners in state custody to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one year statute of limitations runs from the later of two dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9, 121 S.Ct. 361, 364 (2000).

Respondents contend that Petitioner's habeas petition is untimely and should be dismissed. (Answer, p.2-4). Petitioner argues that his Petition is timely because he filed a motion for extension of time. (Opposition, p.3, Exhibit A). However, that motion was never granted. It appears that the motion for extension of time was sent to the Arizona Court of Appeals as opposed to the trial court as required by Rule 32.9(c) of the Arizona Rules of Criminal Procedure. The motion is date stamped by the Court of Appeals on November 18, 2002. (Trial Record, Motion for Extension of Time to Filed Petition of Review). The motion is date stamped for Maricopa County Superior Court on December 10, 2002. (*Id.*) Finally, the motion itself indicates that the original and copies were mailed on November 18, 2002 to Gerald D. Clark, Clerk of the Court, Court of Appeals Division One, and Gerald R. Grant, Deputy County Attorney. (*Id.* at 2). It does not indicate that a copy of the motion was sent to Maricopa County Superior Court as required. Ariz.R.Crim.P. 32.9(c).

Petitioner had thirty days from the date his Petition for post-conviction relief was denied to file a Petition for Review with the Arizona Court of Appeals. Ariz.R.Crim.P. 32.9(c). This means Petitioner's Petition for Review should have been filed on November 18, 2002. However, Petitioner's Petition was not filed until December 2, 2002. (Trial Record, Petition for Review). It appears that because of Petitioner's filing error, the motion for extension of time was never ruled on. As such, Petitioner had not been granted the additional

- 4 -

time in which to file his petition for review and the Court of Appeals denied his motion as untimely.

In it's decision, the Arizona Court of Appeals stated

> Whether petitioner was without fault for the untimely filing is a question of fact. The trial court may, "after being presented with proper evidence, allow a late filing" if it finds petitioner was not responsible for the untimely filing.

(Court of Appeals State of Arizona Division One, Order dated December 18, 2002, *quoting State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848(1981)). Thus, the appropriate place to raise his claim that he filed a motion for extension of time which was never ruled on was with the trial court.

Absent an extension of time for filing his petition for review, tolling of the statute of limitations ended when Petitioner's conviction became final, November 18, 2002, the date on which the time for seeking review expired. This means that Petitioner's Petition for Writ of Habeas Corpus needed to be filed by November 18, 2003 in order to be timely. However, the Petition was not filed until December 3, 2003. The Petition is thus untimely and must be dismissed unless equitable tolling applies.

*Equitable Tolling*

Equitable tolling is available under the AEDPA. However, such tolling is permitted "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *quoted and rev'd on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998)(*en banc*). The Ninth Circuit has noted that determinations of "whether there are grounds for equitable tolling are highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000)(*en banc*).

Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002), *quoting Miles v. Prutney*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288. The threshold necessary to

- 5 -

1  trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 *quoting*
2  *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000).

3  Petitioner has not demonstrated that extraordinary circumstances beyond his control
4  prevented him from timely filing his habeas petition.  Petitioner failed to properly file his
5  Petition for Review with the Arizona Court of Appeals, sending his motion for extension of
6  time to the appellate court as opposed to the trial court. *See* Ariz.R.Crim.P. 32.9(c).  After
7  his Petition for Review was dismissed as untimely, Petitioner could have filed a motion with
8  the trial court seeking leave to file a late petition and the appellate court informed him of
9  such. (Court of Appeals State of Arizona Division One, Order dated December 18, 2002,
10 *quoting State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848(1981)).  Petitioner did not seek
11 leave from the trial court to allow the late filing nor did he follow up on why his initial
12 motion for extension of time was not granted.  Had his motion been granted the present
13 habeas petition would have been timely.

14 These circumstances do not constitute the type of circumstances necessary to
15 surmount the high threshold required for equitable tolling.  They did not make it impossible
16 for Petitioner to submit a timely Petition for Writ of Habeas Corpus. *See Miranda*, 292 F.3d
17 at 1066, *quoting Miles v. Prutney*, 187 F.3d 1104, 1107 (9th Cir.1999). As such, the pending
18 Petition for Writ of Habeas Corpus must be dismissed.

19 **CONCLUSION**

20 For the foregoing reasons, the Magistrate Judge recommends that the District Judge,
21 after independent review of the record, deny Petitioner's Petition for Writ of Habeas Corpus
22 (Docket 1).

23 Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within
24 ten days after being served with a copy of this Report and Recommendation. If objections
25 are filed, the parties should use the following case number: CV 03-2389-PHX-SRB.
26 . . . . . . . .
27
28

1        If objections are not timely filed, then the parties' right to *de novo* review by the
2  District Court may be waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th
3  Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

4        DATED this 9th day of June, 2006.

*[signature]*

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**