**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jericho Lee Jones, | ) | No. CV03-2389-PHX-SRB |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner, Jericho Lee Jones, filed his Petition for Writ of Habeas Corpus on December 3, 2003, raising 28 grounds for habeas relief. In the Court's January 20, 2004 screening order some of these grounds were dismissed. Respondents were ordered to answer the remaining grounds. In their answer Respondents contend that the habeas petition was untimely as it was filed beyond the one-year statue of limitations set out in 28 U.S.C. § 2244(d)(1). On June 15, 2004, Petitioner filed his reply arguing that his petition should be considered timely filed.

On June 6, 2006 the Magistrate Judge issued his Report and Recommendation recommending that the petition be dismissed because it was not filed within the one-year statute of limitations and because Petitioner has demonstrated no grounds for equitable

1    tolling. Petitioner filed his objection on June 27, 2006. Respondents have filed no objections
2    to the Report and Recommendation nor any response to the Petitioner's objection.

3          The timeliness issue in this case centers on a motion that was filed in the trial court
4    seeking to extend the time to file a Petition to Review the denial of Petitioner's Post-
5    Conviction Relief petition and the order of the Arizona Court of Appeals dismissing the
6    Petition for Review as untimely.

7          Petitioner filed a timely Notice of Petition for Post-Conviction Relief on June 4, 2001,
8    which petition was denied in an order filed October 18, 2002. Under Arizona Rule of
9    Criminal Procedure 32.9(c) Petitioner had 30 days from October 18, 2002 within which to
10   file a Petition for Review. Petitioner filed his Petition for Review on December 6, 2002. The
11   Court of Appeals dismissed the petition as untimely in an order dated December 18, 2002.
12   As noted by the Magistrate Judge, if December 18, 2002 is the date the one-year statute of
13   limitations under 28 U.S.C. § 2254 begins to run the Petition for Writ of Habeas Corpus was
14   timely filed. If, as Respondents contend and the Magistrate Judge found, the time begins to
15   run on November 18, 2002, the date the Petition for Review was due to be filed in the
16   Arizona Court of Appeals the Petition for Writ of Habeas Corpus filed December 3, 2003 is
17   untimely.

18         The state court record contains two motions for extension of time to file a Petition for
19   Review.  Petitioner sent his *pro se* request for extension of time to file his Petition for
20   Review to the wrong court, the Arizona Court of Appeals. It was received in the court of
21   appeals on November 18, 2002 and then forwarded by the court of appeals to the superior
22   court where it was received and filed on December 10, 2002. Also, on November 18, 2002
23   Petitioner's public defender filed a motion for extension of time in the correct court, the
24   Maricopa County Superior Court, requesting a 30 day extension of time for Petitioner to file
25   his Petition for Review. This motion was not ruled on before Petitioner filed his Petition for
26   Review in the Court of Appeals on December 6, 2002. Either due to Petitioner's filing error
27   or an error by the trial court neither motion for extension of time to file the Petition for
28   Review was ever ruled on.

1  In its decision dismissing the Petition for Review as untimely, the Arizona Court of Appeals stated

> Whether petitioner was without fault for the untimely filing is a question of fact. The trial court may, "after being presented with proper evidence, allow a late filing" if it finds that petitioner was not responsible for the untimely filing." (Court of Appeals Order dated December 18, 2002 quoting *State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981).)

Petitioner never returned to the trial court to obtain a ruling on the motions for extension. Instead he argues to this Court that, despite the ruling of the state court of appeals, this Court should consider his Petition for Review as timely filed and thus his Petition for Writ of Habeas Corpus timely filed. This the Court cannot do.

The decision to grant or deny an extension of time to file his Petition for Review can only be made by the state trial court. Absent the grant of that extension the Petitioner's conviction became final November 18, 2002, the date the time to seek review expired. The petition in this Court is untimely. The Court agrees with the Magistrate Judge that equitable tolling is unavailable. There are no extraordinary circumstances beyond Petitioner's control that made it impossible for him to file his habeas petition on time. In fact, Petitioner makes no claim of difficulty in filing his habeas petition.

Petitioner failed to timely file his Petition for Review with the Arizona Court of Appeals. In its order dismissing his petition as untimely, the Court of Appeals advised Petitioner that it was up to the trial court to determine whether to allow a late filing. Petitioner never returned to the trial court to follow up and obtain a ruling on the two motions for extension of time. This Court cannot overrule the determination of the Arizona Court of Appeals that his Petition for Review was untimely or excuse the untimely filing of his Petition for Review.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED overruling Petitioner's objections to the Report and Recommendation.

1  IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed
2  because it was filed beyond the one-year statute of limitations in 28 U.S.C. 2244 (d)(1).

DATED this 30th day of August, 2006.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge